IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION
_____

| | | |
|---|---|---|
| THOMAS CREEL LANHAM, | ) | Cause No. CV 10-138-M-DWM-JCL |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| MIKE MAHONEY, WARDEN; | ) | |
| ATTORNEY GENERAL OF THE | ) | |
| STATE OF MONTANA, | ) | |
| | ) | |
| Respondent. | ) | |

_____

On December 13, 2010, Petitioner Thomas Lanham moved to proceed in forma pauperis with this action seeking a writ of habeas corpus under 28 U.S.C. § 2254. Lanham is a state prisoner proceeding pro se.

On December 14, 2010, Lanham was ordered to show cause why his petition should not be dismissed with prejudice as time-barred and as procedurally defaulted without excuse. He responded on January 4, 2011.

1

## I. Background

Lanham pled guilty to aggravated burglary and sexual intercourse without consent in Montana's Eleventh Judicial District Court, Flathead County. On March 26, 1998, he was sentenced to serve 140 years in prison, and he was declared ineligible for parole. He did not appeal but pursued sentence review. Pet. (doc. 1) at 2-3 ¶¶ 1-5, 8-9.

Lanham states that he appealed the trial court's denial of a postconviction petition. Id. at 3 ¶¶ 11-12. Flathead County's records show that a petition for postconviction relief was denied on October 27, 2000. They do not show a notice of appeal filed thereafter, and the Montana Supreme Court has no record of an appeal under the name of Thomas Lanham.

Lanham filed motions in the trial court to amend his sentence in 2005 and 2008 and a request for a transcript in 2009, but the record does not reflect any amendment of the sentence or any appeal to the Montana Supreme Court.

## II. Analysis

Lanham's claims concern the legitimacy of his conviction and sentence and the effectiveness of his attorney. He claims he signed a plea agreement calling for a twenty-year sentence but was actually sentenced to 140 years without parole. Pet. at 4-5. The petition is barred by both the federal statute of limitations and the doctrine

2

of procedural default.

### A. Federal Statute of Limitations

Lanham had to file his federal habeas petition within one year of the date his conviction became final. 28 U.S.C. § 2244(d)(1)(A); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). The trial court entered judgment on March 26, 1998. Pet. at 2 ¶ 2. Lanham's time to file a direct appeal expired sixty days thereafter, on Monday, May 25, 1998. Mont. R. App. P. 4(5)(b)(i). His federal petition should have been filed on or before May 25, 1999. He did not file until December 10, 2010, more than eleven years too late. Pet. at 7, Pet'r Decl. ¶ C; Houston v. Lack, 487 U.S. 266, 270 (1988).

Time is tolled while a "properly filed" action challenging the conviction or sentence is pending in state court. Even assuming that Lanham's application for sentence review and litigation of his postconviction petition were "properly filed" and tolled time, his petition is still untimely by many years.

Consequently, Lanham was ordered to show cause why his petition should not be dismissed with prejudice as time-barred. He responded that the sentencing judge and his own counsel lied to him about his rights under state law and that he was "not around anyone who knew anything about legal stuff," "could not read or write to[o] well and understand" the law, and was "jacked up on mind altering medications."

3

Resp. to Order (doc. 7) at 3.

These facts do not support equitable tolling. Although Lanham failed to file a federal habeas petition at any point between May 25, 1998, and December 10, 2010, he filed motions challenging his sentence in the trial court during that time. Roberts v. Marshall, No. 08-55901, slip op. at 19977 (9th Cir. Dec. 13, 2010); Gaston v. Palmer, 417 F.3d 1030, 1035 (9th Cir. 2005). Therefore, his medications could not have caused him to fail to file in federal court.

Though Lanham also states that he "never knew about the time limits, as I was never told about it," id., this is merely a claim that he did not know his options under the law. That does not warrant equitable tolling because it does not show that anything prevented him from learning about his option to file in federal court. E.g., Mendoza v. Carey, 449 F.3d 1065, 1069 (9th Cir. 2006); Whalem/Hunt v. Early, 233 F.3d 1146, 1149 (9th Cir. 2000) (Tashima, J., concurring). Nor could Lanham realistically make such a showing. See Pet. at 1-2 ¶¶ 1-8.

**B. Procedural Default**

A federal habeas court generally will not hear claims the petitioner failed to raise in the state courts. 28 U.S.C. §§ 2254(b), (c); Rose v. Lundy, 455 U.S. 509, 520 (1982) ("our interpretation of §§ 2254(b), (c) provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you

first have taken each one to state court.").

Despite Lanham's claim to have appealed the trial court's adverse decision of a postconviction petition, neither Flathead County's records nor the records of the Montana Supreme Court show a postconviction appeal. Lanham has presented no evidence to the contrary. The Court must conclude that none of his claims was fairly presented to the state courts.

Because it appears that Lanham had never filed in the Montana Supreme Court, he was also ordered to show cause why his petition should not be dismissed with prejudice as procedurally defaulted. "[A]n illiterate petitioner's complete lack of assistance is not cause to excuse a procedural default." Tacho v. Martinez, 862 F.2d 1376, 1381 (9th Cir. 1988) (describing the holding of Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir. 1986)). And, again, because Lanham filed motions in the trial court, his mental health issues could not have prevented him from appealing or filing original petitions in the Montana Supreme Court. Because Lanham objects to the length of his sentence under the plea agreement, he could not make a showing of actual innocence. His procedural default is unexcused.

### III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254

first have taken each one to state court.").

Despite Lanham's claim to have appealed the trial court's adverse decision of a postconviction petition, neither Flathead County's records nor the records of the Montana Supreme Court show a postconviction appeal. Lanham has presented no evidence to the contrary. The Court must conclude that none of his claims was fairly presented to the state courts.

Because it appears that Lanham had never filed in the Montana Supreme Court, he was also ordered to show cause why his petition should not be dismissed with prejudice as procedurally defaulted. "[A]n illiterate petitioner's complete lack of assistance is not cause to excuse a procedural default." Tacho v. Martinez, 862 F.2d 1376, 1381 (9th Cir. 1988) (describing the holding of Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir. 1986)). And, again, because Lanham filed motions in the trial court, his mental health issues could not have prevented him from appealing or filing original petitions in the Montana Supreme Court. Because Lanham objects to the length of his sentence under the plea agreement, he could not make a showing of actual innocence. His procedural default is unexcused.

### III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254

Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

Here, the petition was filed more than eleven years too late, and Lanham has never presented any claim to the Montana Supreme Court. The petition is plainly time-barred and procedurally barred. Given an opportunity to show a good reason why he filed so late and did not file in the Montana Supreme Court, Lanham points only to his lack of knowledge about the law – an unfortunate obstacle to pro se habeas petitioners, but not an uncommon or insurmountable one. Because he filed motions challenging his sentence in the trial court, it is clear that his mental health issues did not prevent him from filing in this Court or the Montana Supreme Court. There is no factual basis for either equitable tolling of the federal limitations period excusing the procedural default. Reasonable jurists could find no basis for disagreement. A COA should be denied.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1. The Petition (doc. 1) should be DISMISSED WITH PREJUDICE as time-barred and as procedurally defaulted without excuse.

2. The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

Lanham must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this case without notice to him.

DATED this 7th day of January, 2011.

                                                  /s/ Jeremiah C. Lynch
                                                 Jeremiah C. Lynch
                                                 United States Magistrate Judge