FILED

MAR 2 5 2011

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| THOMAS CREEL LANHAM, ) | CV 10-138-M-DWM-JCL |
| ) | |
| Petitioner, ) | |
| v. ) | ORDER |
| ) | |
| MIKE MAHONEY, et al., ) | |
| ) | |
| Respondents. ) | |

Petitioner Thomas Creel Lanham brought this action pursuant to 28 U.S.C. § 2254. December 14, 2010, Magistrate Judge Lynch ordered Lanham to show cause why his petition should not be dismissed with prejudice as time-barred and as procedurally defaulted without excuse. Lanham responded January 4, 2011. Judge Lynch entered Findings and Recommendation on January 7, 2011, recommending the Petition be dismissed with prejudice as time-barred and as procedurally defaulted without excuse. Petitioner timely objected to the Findings

1

and Recommendation on January 13, 2011.

A party filing objections to the findings and recommendations of a magistrate is entitled to do novo review of "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). A party objecting to the findings or recommendations of a magistrate judge must identify the parts of the magistrate's disposition that the party finds objectionable and present argument and supporting authority, such that the district court is able to identify the issues and the reasons supporting a contrary result. It is not sufficient for the objecting party to merely state that he objects. See Hagberg v. Astrue, 2009 WL 3386595 at *1 (D. Mont. 2009) ("There is no benefit if the district court[] is required to review the entire matter de novo because the objecting party merely [states that he objects].").

Petitioner raises the same arguments in his objections that he made in his response to Judge Lynch's show cause order. Lanham complains that he was mentally ill, on mind altering medications, struggled with reading and writing, did not know his rights, and that lawyers and judges lied to him. Because Lanham does not object to Judge Lynch's factual findings, they will be reviewed for clear error, McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981), and his conclusions of law reviewed de novo. Barilla v.

2

Ervin, 886 F.2d 1514, 1518 (9th Cir. 1989), overruled on other grounds by Simpson v. Lear Astronics Corp., 77 F.3d 1170, 1174 (9th Cir. 1996).

I find no clear error with Judge Lynch's factual findings, and upon de novo review of his legal conclusions, I agree that his petition is time-barred and procedurally defaulted without excuse. Lanham did not present any facts that justify an equitable tolling of the statute of limitations. See Gaston v. Palmer, 417 F.3d 1030 (9th Cir. 2005). Additionally, he has not shown a viable excuse for the procedural default. See Tacho v. Martinez, 862 F.2d 1376 (9th Cir. 1986).

Accordingly, IT IS HEREBY ORDERED that the Findings and Recommendations (dkt #8) are adopted in full.

IT IS FURTHER ORDERED that

1. The Petition (dkt # 1) is DISMISSED WITH PREJUDICE as time-barred and as procedurally defaulted without excuse;

2. the Clerk of Court shall enter by separate document a judgment in favor of Respondents and against Petitioner; and

3. a certificate of appealability is DENIED.

Dated this 25th day of March, 2011.

Donald W. Molloy, District Judge

3

United States District Court